IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEVIN D. JACOBS, #150087**                                       **PETITIONER**

**v.**                                **CIVIL ACTION NO. 1:10-cv-448-LG-RHW**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**         **RESPONDENT**

### MEMORANDUM OPINION AND ORDER
### DISMISSING SUCCESSIVE HABEAS CORPUS PETITION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Jacobs, an inmate of the Mississippi Department of Corrections (MDOC), filed this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]  Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

**I.  Background**

Petitioner was convicted of transfer of a controlled substance in the Circuit Court of Harrison County, Mississippi, on June 8, 2009.  Petitioner was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with fourteen years suspended, one year to be served in the Intensive Supervision Program,[2] followed by three years of post- release supervision.

Petitioner states that he received a rule violation report (RVR) for failing a drug test on June 24, 2009, resulting in the revocation of his participation in the Intensive Supervision Program and current classification as an institutionally housed offender.

---

[1] Petitioner paid the filing fee on October 6, 2010, thus his Motion [2] to proceed *in forma pauperis* is denied as moot.

[2] The Intensive Supervision Program is commonly referred to as "house arrest."

Petitioner is not seeking the invalidation of his conviction or sentence in this Petition, but instead he is challenging the disciplinary action resulting in his revocation from the Intensive Supervision Program as a violation of his due process rights and MDOC policy and procedure. As relief, Petitioner is requesting a court order directing MDOC to expunge the complained of RVR from his prison file and his immediate release to probation.

In light of Petitioner's previous request for habeas corpus relief, civil action number 1:09-cv-653-HSO-JMR, which was dismissed with prejudice on October 21, 2009, an Order [4] was entered directing the Petitioner to file either a notice of voluntary dismissal or a written response showing cause why this case should not be dismissed as repetitive and duplicative litigation constituting an abuse of the writ.[3] Petitioner filed his Response [9], wherein he asserts that he filed his first habeas corpus case prior to the exhaustion of his administrative remedies, thus it was not properly filed. The Court notes that Petitioner's 2009 habeas corpus Petition was *not* dismissed for Petitioner's failure to exhaust administrative remedies, but instead the Petition was denied on the merits and the case was dismissed with prejudice. *See Jacobs v. Grimes*, 1:09-cv-653-HSO-JMR, 2009 WL 3417849, *3 (S.D. Miss. Oct. 21, 2009).

---

[3]In Petitioner's previous habeas case, he complained that the RVR was incomplete, MDOC procedures were not followed and the MDOC administrative remedy program was ineffective in providing him with relief from this improper revocation. In this first habeas corpus case, Petitioner requested injunctive relief along with release to unsupervised probation and post-release supervision.

## II. Analysis

The Fifth Circuit has defined "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009)(citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998))(internal quotations omitted). Petitioner clearly raised the same issues presented here in his previous habeas corpus case. The Court finds the instant Petition to be a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). *See Williams v. Thaler,* No. H-10-0125, 2010 WL 1956279, *1 (S.D. Tex. May 14, 2010) (citing *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009) (finding subsequent petition to be successive to previous petition challenging a prison disciplinary conviction)).

A petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to submit any documentation demonstrating that he has obtained the required authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit. As such, this Court is without jurisdiction to consider this unauthorized successive petition.

For the reasons set forth above, Petitioner's request for a writ of habeas corpus will be dismissed. A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 20th day of January, 2011.

              s/ *Louis Guirola, Jr.*
              LOUIS GUIROLA, JR.
              UNITED STATES DISTRICT JUDGE